IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK McMILLIAN,                    ) | |
| Mobile County Metro Jail Inmate  )  | |
| # 0291862,                                          ) | |
|     Petitioner,                          ) | |
|                                                     ) | |
| v.                                                       )  | CIVIL ACTION NO. 1:19-00729-JB-N |
|                                                     ) | |
| NOAH PRICE OLIVER, *Warden*,  ) | |
| *Mobile County Metro Jail*,             )  | |
|     Respondent.                         ) | |

## REPORT AND RECOMMENDATIONS

Petitioner Derrick McMillian, an Alabama prisoner proceeding without counsel (*pro se*), initiated his action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) dated September 11, 2019, challenging a criminal judgment entered against him in June 2019 on a charge of reckless endangerment by the Municipal Court of the City of Mobile, Alabama (Docket No. C017000705, Case Citation No. CL024871-01).[1]  The assigned District Judge has referred the petition to the undersigned Magistrate Judge for appropriate action.  *See* S.D. Ala. GenLR 72(b); (10/2/2019 electronic reference).  Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the

---

[1] Because McMillian challenges a criminal judgment handed down by a state court within this judicial district, *see* 28 U.S.C. § 81(c), this Court has jurisdiction to entertain his habeas petition.  *See* 28 U.S.C. § 2241(d).

petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

After conducting preliminary review of the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned ordered that the petition be served on the Respondent for an answer under Rule 5 of the Rules Governing Section 2254 Cases, or some other appropriate response. As ordered (*see* Doc. 3), the Respondent, through the Office of the Attorney General of the State of Alabama, timely filed and served an Answer (Doc. 8) asserting that the petition is due to be dismissed as procedurally defaulted. Having reviewed the petition and the Respondent's Answer, including attached records from the state court proceedings, the undersigned agrees with the Respondent that the petition is due to be dismissed because McMillian has not exhausted his state court remedies prior to filing the present habeas petition. However, the undersigned disagrees that the petition is procedurally barred, since McMillian may still be able to exhaust his claims in state court. Accordingly, the undersigned will recommend that McMillian's habeas petition be **DISMISSED without prejudice** for failure to exhaust his state court remedies.

### I.   *Analysis*

#### A.   **Failure to Exhaust**

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he

presents those claims to a federal court in a habeas petition. The exhaustion doctrine, first announced in *Ex parte Royall,* 117 U.S. 241, 6 S. Ct. 734, 29 L. Ed. 868 (1886), is now codified at 28 U.S.C. § 2254(b)(1)…" *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).² "Section 2254(c) provides that a habeas petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State … if he has the right under the law of the State to raise, by any available procedure, the question presented.' … Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 844-45. Moreover, "federal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, **if it is clear from state law that any future attempts at exhaustion would be futile**." *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) (per curiam) (emphasis added).

---

² Section 2254 provides that, generally, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that…the applicant has exhausted the remedies available in the courts of the State…" 28 U.S.C. § 2254(b)(1)(A). Though this exhaustion requirement may be excused "if there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant[,]" *see id.* § 2254(b)(1)(B)(i)-(ii), nothing in the record supports a determination that those exceptions apply in this case.

The Respondent asserts, based on his search of applicable state court records, that McMillian took no direct appeal of his municipal court conviction.³ McMillian's petition appears to substantiate this assertion, as he represents that he attempted to appeal in the municipal court but received "no answer." (Doc. 1, PageID.3. *See also id.*, PageID.7 (claiming "denial of right to appeal" because he "filed two appeals and wrote a letter requesting no response of either")). There is also no indication in the record that McMillian has attempted to challenge his municipal court conviction through the collateral review remedies available under Alabama Rule of Criminal Procedure 32, which permits an Alabama prisoner to petition "the court in which the petitioner was convicted[,"] Ala. R. Crim. P. 32.5, for appropriate relief from his conviction on a number of grounds, including that "[t]he constitution of the United States…requires a new trial, a new sentence proceeding, or other relief." Ala. R. Crim. P. 32.1(a).⁴ Alabama Rule 32 is applicable to municipal courts. *See* Ala. R. Crim. P. App. to 32 (on form Rule 32 petition, in space for "Respondent," instructing: "Indicate either the 'State' or, if filed in municipal court, the name of the 'Municipality' "); *Garner v. City of Brewton*, 668 So. 2d 52, 53 (Ala. Crim. App. 1994) (reviewing a Rule 32 petition filed in municipal court). Alabama Rule 32 is the sole mechanism under which a prisoner can collaterally attack his criminal

---

³ Specifically, the Respondent has submitted a printout of a list of Mobile municipal court cases in which McMillian was a defendant (Doc. 8-1). The listed "status" of the relevant case indicates that the docket was "closed 6/24/2019," the date the judgment was entered. (*Id.*).

⁴ It also permits a petitioner to secure relief on the grounds he "failed to appeal within the prescribed time from the conviction or sentence itself … and that failure was without fault on the petitioner's part." Ala. R. Crim. P. 32.1(f).

judgment in state court. *See* Ala. R. Crim. P. 32.4 ("A proceeding under this rule displaces all post-trial remedies except post-trial motions under Rule 24 and appeal.").[5] Because McMillian has not "invok[ed] one complete round of the State's established appellate review process," *O'Sullivan*, 526 U.S. at 845, either by direct appeal or under Alabama Rule 32, he has failed to exhaust the claims in his habeas petition.

The Alabama Rules of Criminal Procedure provide a defendant convicted in a municipal court "the right to appeal the judgment, within fourteen (14) days of the date of the judgment or the denial of a timely filed post-judgment motion, to the circuit court for a trial de novo." Ala. R. Crim. P. 30.1(a). Such an appeal is taken "by filing with the clerk of the municipal … court a written notice of appeal within fourteen (14) days from the date of pronouncement of sentence or the date of denial of a timely filed post-trial motion, whichever is later." Ala. R. Crim. P. 30.3(a). Therefore, the time for McMillian to directly appeal his municipal court conviction has expired.[6] However, the deadline for McMillian to petition the Mobile municipal court for relief under Alabama Rule 32 has not yet passed. Where, as here, an Alabama prisoner has not appealed his conviction to the Court of Criminal Appeals,

---

[5] McMillian claims that he filed a "habeas corpus" petition with the state circuit court but does not indicate the outcome of that proceeding. (*See* Doc. 1, PageID.4).

[6] In certain circumstances, a municipal court defendant can also appeal his criminal conviction directly to the Alabama Court of Criminal Appeals. *See* Ala. R. Crim. P. 30.2. In such cases, an appeal is "perfected by filing with the clerk of … the municipal court a notice of appeal within forty-two (42) days from the date of pronouncement of sentence or the date of denial of a timely filed post-trial motion, whichever is later." Ala. R. Crim. P. 30.3(c). However, that deadline has also expired for McMillian.

he must file an Alabama Rule 32 petition challenging that conviction "within one (1) year after the time for filing an appeal lapses…" Ala. R. Crim. P. 32.2(c). Here, the Mobile municipal court entered the relevant criminal judgment sometime in June 2019. Accordingly, the deadline for McMillian to petition for relief under Alabama Rule 32 will not lapse until sometime in June or July 2020. Thus, as of the date of entry of this recommendation, McMillian will still have ample time file an Alabama Rule 32 petition with the Mobile municipal court, by which he might then exhaust the present habeas claims. Accordingly, because it is not "clear from state law that any future attempts at exhaustion would be futile[,]" *Bailey*, 172 F.3d at 1305, McMillian's unexhausted claims are not procedurally defaulted at this time, and the present petition is due to be dismissed without prejudice so that McMillian can exhaust his claims through one complete round of state court review.[7]

## B.  Certificate of Appealability

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final

---

[7] McMillian, however, should be mindful of the one-year statute of limitations that applies to bringing federal habeas petitions. *See* 28 U.S.C. 2244(d)(1). While "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" tolls the limitations period, 28 U.S.C. § 2244(d)(2), "the filing of a petition for habeas corpus in federal court **does not** toll the statute of limitations…" *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005) (emphasis added).

order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C.A. § 2253(c)(1)(A).

Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Upon consideration, the undersigned finds that McMillian should be **DENIED** a Certificate of Appealability in conjunction with the dismissal of the present habeas petition, as reasonable jurists would at least not find it debatable whether the Court was correct in its procedural ruling dismissing McMillian's petition for failure to exhaust.[8]

---

[8]   Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for

### C.     Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).  A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith.  It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000).  In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

---

same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, it is clear that McMillian has failed to exhaust his state court remedies prior to bringing the present habeas petition. Accordingly, the undersigned **RECOMMENDS** the Court certify that any appeal by McMillian in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[9]

## II.  *Conclusion*

In accordance with the foregoing analysis, it is **RECOMMENDED** that McMillian's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED without prejudice** for failure to exhaust his state court remedies, that the Court find McMillian not entitled to either a Certificate of Appealability or to appeal *in forma pauperis*, and that final judgment be entered accordingly in favor of the Respondent.

**DONE** this the 11th day of December 2019.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] Should the Court deny leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.